UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                Criminal Case No. 20-20341

Creshaun McGee,                     Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION

Defendant Creshaun McGee ("Defendant") is charged with being a felon in possession of a firearm. Pretrial Services recommended detention and, after holding a detention hearing, the magistrate judge ordered Defendant detained pending trial. Defendant is now appealing that ruling and seeks release on bond. A zoom hearing was held on September 28, 2020. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

In this criminal action, Defendant was charged with one count of being a felon in possession of a firearm, by way of a Criminal Complaint issued on July 2, 2020.

Pretrial Services recommended that Defendant be detained pending trial, concluding that Defendant is both a flight risk and a danger to the community.

Magistrate Judge Anthony Patti held a detention hearing on July 16, 2020. Thereafter, he issued an Order of Detention Pending Trial (ECF No. 10), finding that there are no conditions or combination of conditions that would ensure the safety of the community or Defendant's appearance. He noted that the reasons for detention include: 1) the weight of evidence against the

defendant is strong; 2) Defendant is subject to a lengthy period of incarceration if convicted; 3) Defendant's prior criminal history; 4) Defendant's participation in criminal activity while on probation, parole, or supervision; 5) his history of violence or use of weapons; 6) his history of alcohol or substance abuse; 7) his prior failure to appear in court as ordered; and 8) his prior violations of probation, parole, or supervised release. His order further included a narrative explanation:

> The Court's findings and reasons for ordering detention, including its consideration of the factors listed in 42 U.S.C. § 3142(g), were stated on the record at the July 16, 2020 hearing and are fully incorporated by this reference. The Court alternatively finds: (a) by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance; and (b) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community. This evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that: (1) the defendant has a significant drug problem, using marijuana, Xanax, ecstasy, cocaine and Percocet; (2) the defendant has numerous prior convictions going back to 2002 including, inter alia, convictions for resisting and obstructing, assault and battery, weapons firearm, possession of controlled substances, delivery/manufacture of controlled substances (attempt), felony robbery, and delivery/manufacture of controlled substances; (3) the defendant has several violations of past probation, and was on probation at the time of the instant offense; (4) in the past, the defendant has absconded from probation, failed to report his current residence while under supervision, failed to appear for a hearing and twice failed to appear for sentencing; and, (5) while on bond and prohibited by virtue of his prior convictions, FaceTime evidence (shown on page 6 of the complaint) shows the defendant brazenly holding in RAS 47 firearm up in the air in a car, which was found to be loaded with 30 rounds of ammunition. The Court is convinced that the defendant is both a danger to the community and a serious flight risk and that he does not and will not respect court orders and conditions of supervision.

(*Id*. at PageID.30).

On September 10, 2020, Defendant filed a motion appealing the magistrate judge's ruling and seeking release on bond. (ECF No. 28). Defendant asserts that he should be released on bond pending trial and allowed to reside at either his mother's house or his grandmother's house. The

motion asserts that Defendant would have greater access to his counsel if he were released on bond, as in-person visits to the jail are currently very limited. Defendant claims he has been working to clear up outstanding warrants in his name, as he and some family members have the same or similar names, and some of the violations or tickets may not be his.

The Government opposes Defendant's motion, arguing that Defendant is both a flight risk and a danger to the community. The Government's brief discusses the evidence of the events surrounding charges in this case, as well as Defendant's extensive criminal history and probation violations. The Government stresses that Defendant committed the instant offense while on bond and that his history includes violence, such as an alleged assault against his child's mother in a gas station parking lot. It further argues that Defendant's mother would not be an appropriate third-party custodian, if Defendant were released.

## ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether conditions exist that will reasonably assure Defendant's

appearance and the safety of the community, the Court considers the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

**A.      Nature And Circumstances Of The Charge**

The offense charged in this case is serious. Defendant is charged with being a felon in possession of a firearm. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (noting that felon in possession is a serious offense.) Indeed, crimes involving firearms are a specific consideration under § 3142(g)(1). This factor weighs in favor of detention.

**B.      Defendant's History And Characteristics**

Defendant's history and characteristics demonstrate that he is a continuing danger to the community. Defendant is only 24 years old, yet has a lengthy criminal history, and one that includes violence. Defendant has no recent, verifiable employment history. He has a history of engaging in criminal activity while under supervision. Indeed, he is alleged to have committed the instant offense while he was on bond.

**C.      Weight Of The Evidence Against Defendant**

The weigh of the evidence of Defendant's dangerousness is substantial. *Stone,* 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.") Defendant's criminal history includes crimes of violence and his criminal conduct shows no signs of abating.

**D.      Nature And Seriousness Of Danger Posed By Defendant's Release**

Finally, Defendant's release would pose a serious danger to the community. Defendant is only 24 years old, yet has a lengthy criminal history. The nature of the instant offense,

Defendant's prior arrests and convictions, including violent behavior, and engaging in criminal activity while under supervision, weigh in favor of pretrial detention. Defendant has also shown little regard for the authority of the Court or for law enforcement, giving the Court little reason to believe that his dangerous behavior would suddenly cease if released on bond.

## CONCLUSION

Weighing all of these factors, this Court concludes that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. Accordingly, IT IS ORDERED that Defendant's motion is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: September 28, 2020